UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. EDWARD EZOR,<br><br>    Plaintiff,<br><br>v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 3:17-cv-05338-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

**INTRODUCTION**

Disbarred attorney A. Edward Ezor alleges that the State Bar of California, several of its officers and employees and former Executive Director violated his right to due process concerning two proceedings before the State Bar's Client Security Fund (CSF) Commission. The CSF Commission found that Ezor had misappropriated funds from client trust accounts and granted the applicants' requests for reimbursement. Rather than filing a petition for writ of mandamus in California Superior Court to seek judicial review of either of those decisions, Ezor filed a complaint in federal district court claiming that the decisions should be declared null and void because the Commission's actions (and those of other State Bar employees) violated his right to due process.

Under the *Rooker-Feldman* doctrine, I lack jurisdiction over his complaint, which is inextricably intertwined with the State Bar proceedings. Ezor's failure to file a petition for a writ of mandamus within the proper time frame and jurisdiction amounts to a waiver of his ability to challenge those decisions by the State Bar, an administrative arm to the judicial branch of California. Further, because those administrative decisions are given preclusive effect under California law, his suit is barred by the doctrine of res judicata. His claims for damages against

each of the defendants are also barred by the Eleventh Amendment and quasi-judicial immunity. Even ignoring the lack of jurisdiction and the unquestionable merit to the defendants' affirmative defenses, he fails to state a claim upon which relief can be granted. Defendants' motion is GRANTED. There are numerous reasons to dismiss his complaint without leave to amend. But in light of his request to amend and the liberal policy allowing amendments, I will give him 14 days from the date of this Order to file an amended complaint to attempt to overcome these substantial hurdles.

## BACKGROUND

### I. FACTUAL BACKGROUND

#### A. General Background

The State Bar is a public corporation established by the California Constitution in the judicial branch of government. Cal. Const. art. VI, § 9. In 1971, the State Bar's Board of Governors created the Client Security Fund (CSF) to "relieve or mitigate pecuniary losses caused by the dishonest conduct of active members of the State Bar … arising from or connected with the practice of law." Cal. Bus. & Prof. Code § 6140.5. The CSF is financed by a portion of the dues paid by active members of the State Bar. Cal. Bus. & Prof. Code § 6140.55.

In 1985, the Board created a CSF Commission to administer the CSF and the Rules of Procedure for Client Security Fund Matters ("the CSF Rules"). Cal. St. Bar Rules, Rule 3.421. CSF counsel screen an application, conduct an investigation when appropriate, and may then submit the application to the Commission for a Tentative Decision. Cal. St. Bar Rules, Rule 3.441(A),(B). The Commission may then pursue its own investigation, require documentation, and/or conduct a hearing. Cal. St. Bar Rules, Rule 3.441(C). After a tentative decision is served on the attorney and the applicant, the respondents have 30 days to file objections. Cal. St. Bar Rules, Rule 3.445(B), Rule 3.443(B). If no objections are received, a tentative decision may be deemed a final decision. Cal. St Bar Rules, Rule 3.433(D). If objections are received, the Commission will consider the objections, determine if additional investigation or a hearing is necessary, and will issue a final decision. Cal. St Bar Rules, Rule 3.444(A), (B) and (C).

**B. Ezor's State Bar Proceedings[1]**

In January 2013, Robert Sertner, acting as temporary successor trustee, filed a complaint with the State Bar against Ezor, alleging that Ezor misappropriated $194,683.00 from the Bennet J. Hymes Trust during the time Ezor acted as successor trustee. Compl. ¶16 (Dkt. No. 1); *see In the Matter of Client Security Fund Application of Robert M. Sertner, as Temporary Successor Trustee of the Bennett J. Hymes Trust, dated October 5, 1962*, State Bar Client Security Fund Case No. 13-F-10839 (Grandt Decl. ¶ 4, *id*., Ex. 1, Dkt. No. 10-3 at 1).[2] Sertner also filed an application with the CSF for reimbursement of the misappropriated funds. *Id*. at 1. On September

---

[1] Defendants request judicial notice of the following: (1) Tentative Decision dated June 15, 2017, *In the Matter of Client Security Fund Application of Robert M. Sertner, as Temporary Successor Trustee of the Bennett J. Hymes Trust, dated October 5, 1962*, State Bar Client Security Fund Case No. 13-F-10839 (Grandt Decl. ¶ 4, *id*., Ex. 1, Dkt. No. 10-3 at 1); (2) Letter Objection of A. Edward Ezor dated July 18, 2017, *In the Matter of Client Security Fund Application of Robert M. Sertner, as Temporary Successor Trustee of the Bennett J. Hymes Trust, dated October 5, 1962*, State Bar Client Security Fund Case No. 13-F-10839 (Grandt Decl. ¶ 5, *id*., Ex. 2, Dkt. No. 10-3 at 6); (3) Final Decision dated August 17, 2017, *In the Matter of Client Security Fund Application of Robert M. Sertner, as Temporary Successor Trustee of the Bennett J. Hymes Trust, dated October 5, 1962*, State Bar Client Security Fund Case No. 13-F-10839 (Grandt Decl. ¶ 6, *id*., Ex. 3, Dkt. No. 10-3 at 8); (4) Tentative Decision dated June 15, 2017, *In the Matter of Client Security Fund Application of Brian M. Culhane and Kevin M. Culhane*, State Bar Client Security Fund Case No. 12-F-12469 (Grandt Decl. ¶ 7, *id*., Ex. 4, Dkt. No. 10-3 at 12); (5) Letter Objection of A. Edward Ezor dated July 18, 2017, *In the Matter of Client Security Fund Application of Brian M. Culhane and Kevin M. Culhane*, State Bar Client Security Fund Case No. 12-F-12469 (Grandt Decl. ¶ 8, *id*., Ex. 5, Dkt. No. 10-3 at 23); (6) Final Decision dated August 17, 2017, *In the Matter of Client Security Fund Application of Brian M. Culhane and Kevin M. Culhane*, State Bar Client Security Fund Case No. 12-F-12469 (Grandt Decl. ¶ 9, *id*., Ex. 6, Dkt. No. 10-3 at 26); (7) Decision Recommending Disbarment and Order of Inactive Enrollment dated December 5, 2013, *In the Matter of A. Edward Ezor*, State Bar Court of California Case No. 12-O-10043-RAP (Grandt Decl. ¶ 10, *id*., Ex. 7, Dkt. No. 10-3 at 33); (8) Opinion and Order of the State Bar Review Department dated May 19, 2015, *In the Matter of A. Edward Ezor*, State Bar Court of California Case No. 12-O-10043 (Grandt Decl. ¶ 11, *id*., Ex. 8, Dkt. No. 10-3 at 50); (9) Disbarment Order of the Supreme Court of California dated September 23, 2015, *In the Matter of A. Edward Ezor*, State Bar Court of California Case No. 12-O-10043 (Grandt Decl. ¶ 12, *id*., Ex. 9, Dkt. No. 10-3 at 67); and (10) copy of Lexis Advance California Superior Court Docket search conducted on December 19, 2017, using the term "Client Security Fund" (Grandt Decl. ISO Reply ¶ 3, *id*., Ex. 10, Dkt. No. 16-1 at 4). *See* Request for Judicial Notice ISO Mot. to Dismiss (Dkt. No. 10-1); Request for Judicial Notice ISO Reply (Dkt. No. 17).

Under Federal Rules of Evidence 201, a court may take judicial notice of facts "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Because "a court may take judicial notice of 'matters of public record[,]'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), defendants' request is GRANTED.

[2] Page numbers reference the ECF-generated number.

3

19, 2013, the State Bar filed a Notice of Disciplinary Charges ("NDC") in State Bar Court alleging that Ezor had misappropriated funds from the Hymes Trust. *Id*. at 2. Effective October 23, 2015, the California Supreme Court ordered Ezor disbarred in connection with a separate matter involving Ezor's misappropriation of entrusted funds. *Id*. Given the disbarment, the NDT concerning the Hymes Trust was dismissed. *Id*.

On June 15, 2017, the Commission issued a Tentative Decision concluding that Ezor "received and wrongfully retained or converted from the Hymes Trust in excess of $100,000" and that the Trust "suffered the maximum reimbursable loss of $100,000." *Id*. at 3–4. The Commission directed that Sertner be reimbursed $100,000 from the CSF by check payable to the Hymes Trust. *Id*. at 4. Ezor timely objected to the Tentative Decision "on grounds that he was prevented from furnishing an adequate response due to invoking his 5th Amendment right against self-incrimination." Compl. ¶ 16; *see* Letter Objection of A. Edward Ezor dated July 18, 2017, *In the Matter of Client Security Fund Application of Robert M. Sertner, as Temporary Successor Trustee of the Bennett J. Hymes Trust, dated October 5, 1962*, State Bar Client Security Fund Case No. 13-F-10839 (Grandt Decl. ¶ 5, *id*., Ex. 2, Dkt. No. 10-3 at 6). He requested that the Tentative Decision be denied, or in the alternative, stayed pending resolution of a criminal case concerning the same subject matter. Dkt. No. 10-3 at 7.

The Commission considered Ezor's objection and found that he "ha[d] not raised any substantive objections" and "ha[d] not cited any authority that would require the Commission to deny reimbursement or stay these proceedings." Dkt. No. 10-3 at 10. On August 17, 2017, it rejected Ezor's request to deny the Tentative Decision or stay the proceedings, and incorporated the findings of fact and conclusions of law of the Tentative Decision. Final Decision dated August 17, 2017, *In the Matter of Client Security Fund Application of Robert M. Sertner, as Temporary Successor Trustee of the Bennett J. Hymes Trust, dated October 5, 1962*, State Bar Client Security Fund Case No. 13-F-10839 (Grandt Decl. ¶ 6, *id*., Ex. 3, Dkt. No. 10-3 at 8); *see* Compl. ¶ 17.

The October 2015 Disbarment Order stemmed from a different matter, where Ezor was found to have misappropriated funds during his representation of Maxine Marx, beneficiary of the estate of her late father, Chico Marx. *See generally* Decision Recommending Disbarment and

4

Order of Inactive Enrollment dated December 5, 2013, *In the Matter of A. Edward Ezor*, State Bar Court of California Case No. 12-O-10043-RAP (Grandt Decl. ¶ 10, *id*., Ex. 7, Dkt. No. 10-3 at 33); Opinion and Order of the State Bar Review Department dated May 19, 2015, *In the Matter of A. Edward Ezor*, State Bar Court of California Case No. 12-O-10043 (Grandt Decl. ¶ 11, *id*., Ex. 8, Dkt. No. 10-3 at 50); Disbarment Order of the Supreme Court of California dated September 23, 2015, *In the Matter of A. Edward Ezor*, State Bar Court of California Case No. 12-O-10043 (Grandt Decl. ¶ 12, *id*., Ex. 9, Dkt. No. 10-3 at 67). During the disciplinary proceedings, Maxine Marx's sons and co-executors of her estate, Brian and Kevin Culhane, applied to the CSF for reimbursement of the misappropriated funds. Tentative Decision dated June 15, 2017, *In the Matter of Client Security Fund Application of Brian M. Culhane and Kevin M. Culhane*, State Bar Client Security Fund Case No. 12-F-12469 (Grandt Decl. ¶ 7, *id*., Ex. 4, Dkt. No. 10-3 at 12).

After the Culhanes submitted their application, Ezor repaid the Marx estate $40,925.10, leaving a balance of $474.38. But the Culhanes amended their application once they discovered that Ezor had increased his legal fee for receiving and distributing royalty checks from 5 percent to 33 1/3 percent purportedly based on an oral agreement with Maxine Marx after she had suffered a stroke. Tentative Decision dated June 15, 2017 at 3 n.2, *In the Matter of Client Security Fund Application of Brian M. Culhane and Kevin M. Culhane*, State Bar Client Security Fund Case No. 12-F-12469. The Commission found that the Culhanes were entitled to reimbursement of an additional $56,657.99 to be paid from the CSF. *Id*. at 9.

On July 18, 2017, Ezor filed an objection to the Tentative Decision. Letter Objection of A. Edward Ezor dated July 18, 2017, *In the Matter of Client Security Fund Application of Brian M. Culhane and Kevin M. Culhane*, State Bar Client Security Fund Case No. 12-F-12469 (Grandt Decl. ¶ 8, *id*., Ex. 5, Dkt. No. 10-3 at 23); *see* Compl. ¶ 18. He asserted that the Tentative Decision (the misappropriation from the Marx estate and resulting Disbarment Order), concerned the subject of a lawsuit in the Central District of California, then pending before the Ninth Circuit Court of Appeals,[3] in which "there are remedies sought seeking declaratory relief and civil rights

---

[3] The Ninth Circuit has since affirmed the district court's dismissal with prejudice of Ezor's complaint agreeing that the district court "lacked subject matter jurisdiction under the *Rooker–*

violations, whereby the disbarment order would be declared null and void for 'fraud upon the court' and on other legal and equitable bases." *Id*. For this reason, he argued that the application should be denied with prejudice. *Id*. He also argued that he had already paid a "sum certain" to the Culhanes, and the Tentative Decision should be dismissed under the doctrines of res judicata and collateral estoppel. *Id*.

The Commission considered Ezor's objections and the Culhanes' response and issued its Final Decision on August 17, 2017, incorporating the Findings of Fact and Conclusions of Law of the Tentative Decision, and directing that the Culhanes be reimbursed $56,647.99 from the CSF. Final Decision dated August 17, 2017, *In the Matter of Client Security Fund Application of Brian M. Culhane and Kevin M. Culhane*, State Bar Client Security Fund Case No. 12-F-12469 (Grandt Decl. ¶ 9, *id*., Ex. 6, Dkt. No. 10-3 at 26).

## II. PROCEDURAL HISTORY AND PARTIES

On September 14, 2017, Ezor filed this federal complaint against the State Bar of California and individually named defendants Eli Morgenstern, Jeffrey I. Golden, Etan E. Rosen, Lori J. Meloch, Shanae S. Buffington, David K. George, Carol A. Klauschie, Synthia L. Lee, Robert K Mosier, and Elizabeth R. Parker. Compl. (Dkt. No. 1). Morgenstern is a senior trial counsel for the State Bar and was the attorney assigned to Ezor's disciplinary proceedings, including his disbarment. Golden, Rosen, Buffington, George, Klauschie, Lee, and Moser are members of the Commission. Compl. ¶¶ 4, 5, 7–11; MTD at 4. Meloch is the Commission Director and counsel to the Commission. Compl. ¶ 6; MTD at 4. Parker is former Executive Director of the State Bar. Compl. ¶ 12; MTD at 4.

Ezor asserts causes of action for (1) violation of civil rights pursuant to 42 U.S.C. § 1983, *see* Compl. ¶¶ 19–25; (2) declaratory relief, *see* Compl. ¶¶ 26–28; and (3) petition for a writ of mandamus, *see* Compl. ¶¶ 29–31. He alleges that the Sertner and Culhane Final Decisions are invalid and void because they (1) "contained no individuals' names showing a proper quorum and deliberative process[,]" (2) "violated his 5th Amendment right against self-incrimination[,]" (3)

---

*Feldman* doctrine because Ezor's action amounted to a forbidden 'de facto appeal' of a prior, final state court judgment." *Ezor v. Morgenstern*, 698 F. App'x 360 (9th Cir. 2017).

violated his civil and Constitutional rights due to defendants engaging in "improper ex parte, extrajudicial communications" that "illegally predetermine[d] the result[,]" and (4) were issued in retaliation for his legitimate lawsuit then pending in the Ninth Circuit. Compl. ¶¶ 17–18. He seeks a finding that his rights have been violated, a declaration that the Final Orders are null and void, general damages in the amount of $5,000,000.00, punitive damages in the amount of $5,000,000, declaratory relief, and issuance of a Writ of Mandate. Compl. at 8–9.

**LEGAL STANDARD**

**I.     SUBJECT MATTER JURISDICTION**

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*

A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inference in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Instead, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted). Once the moving party has made a factual challenge by offering affidavits or other evidence to

7

dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

## II. FAILURE TO STATE A CLAIM

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

Defendants' motion focused on this court's lack of jurisdiction to review CSF decisions, their Eleventh Amendment defense to the claims, and, in the alternative, Ezor's failure to state a claim upon which relief can be granted. *See* Mot. to Dismiss at 9–16 (Dkt. No. 10). They also expressly reserved their right to raise claim and issue preclusion defenses if Ezor failed to file a proper Petition for Writ of Mandamus in California Superior Court by November 23, 2017. *Id.* at 10 n.3. Because he failed to properly file a timely petition, their reply centers on the argument that Ezor's claims are barred under the doctrine of res judicata. *See generally* Reply (Dkt. No. 16).

## I. THE CSF DECISIONS ARE FINAL

As an initial matter, the CSF decisions are final. Ezor did not file a petition for writ of mandate in California Superior Court within 90 days of the CSF Final Decisions. *See* Copy of Lexis Advance California Superior Court Docket search conducted on December 19, 2017, using the term "Client Security Fund" (Grandt Decl. ISO Reply ¶ 3, *id.*, Ex. 10, Dkt. No. 16-1 at 4); *see also* Grandt Decl. ISO Reply ¶ 4 ("The State Bar Client Security Fund [] has not been served with any petition for writ of mandate."). Ezor does not allege (or otherwise contend) that he properly filed a petition in California Superior Court. His failure to seek a writ in the proper forum constitutes a waiver. *See State Bar of California v. Statile*, 168 Cal. App. 4th 650, 671 n.18 (Cal. Ct. App. 2008)("Having failed to object, and having failed to seek a writ of mandate pursuant to Code of Civil Procedure 1094.5 (CSF rule 17) challenging the CSF's final determinations to pay the applicants, Statile waived his current claims on appeal that CSF notice and hearing procedures do not satisfy due process, and that the bar is not entitled to full reimbursement."); *Mola Dev. Corp. v. City of Seal Beach*, 57 Cal. App. 4th 405, 411 (Cal. Ct. App. 1997)(finding plaintiff waived right to challenge administrative rulings by failing to properly litigate a writ of mandamus and giving preclusive effect to the unreviewed administrative decision thereby barring plaintiff's claim for damages for regulatory taking).

Those decisions became final on or about November 23, 2017. *See* Cal. St. Bar Rules, Rule 3.450 (setting 90 day deadline); *Smith v. Selma Cmty. Hosp.*, 164 Cal. App. 4th 1478, 1506 (Cal. Ct. App. 2008)("A decision [by an administrative agency] will not be given collateral

9

estoppel effect if such appeal [to the superior court for review by petition for administrative mandamus] has been taken or if the time for such appeal has not lapsed.").

## II. ROOKER-FELDMAN DICTATES THAT NO FEDERAL JURISDICTION EXISTS

The Ninth Circuit recently affirmed a fellow district court's dismissal of Ezor's complaint challenging his disbarment on grounds that it was barred under the *Rooker-Feldman* doctrine. *Ezor v. Morgenstern*, 698 F. App'x 360 (9th Cir. 2017). The circumstances here differ in at least one critical way—the State Court never reviewed the CSF Decisions challenged by Ezor. But the State Court never had the opportunity to review those decisions because Ezor failed to properly file a petition for writ of mandamus in Superior Court in accordance with the rules dictating judicial review of CSF proceedings. *See* Cal. St Bar Rules, Rule 3.450; *Saleeby v. State Bar*, 39 Cal. 3d 547, 559 (Cal. 1985)("[C]laimants seeking review [of CSF matters] should proceed by writ of mandamus filed in the superior court."). That failure amounts to a waiver rendering the CSF decisions final. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)("By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state court decision in any federal court. This result is eminently defensible on policy grounds. We have noted the competence of state courts to adjudicate federal constitutional claims."). The same reasoning the Ninth Circuit affirmed in *Ezor v. Morgenstern* applies here.

Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over a plaintiff's constitutional claims if they are inextricably intertwined with a final state court decision. *Feldman*, 460 U.S. at 482 n.16 ("If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do."); *see also Dubinka v. Judges of Superior Court of State of Cal. for Cty. of Los Angeles*, 23 F.3d 218, 221 (9th Cir. 1994)("This rules [*Rooker-Feldman*] applies even when the state court judgment is not made by the highest state court [citation omitted] and when the challenge to the state court's actions involves federal constitutional issues."); *Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003)(explaining *Rooker-Feldman* doctrine and providing background of each case). The doctrine

10

embodies principles of federalism and comity, protects finality of state court decisions, and prevents impermissible appeals of those decisions. *Dubinka*, 23 F.3d at 221.

Ezor insists that this Court must have original jurisdiction over his section 1983 claim and may exercise supplemental jurisdiction over his cause of action for a petition for writ of mandate. *See* Opp'n at 3–6 (Dkt. No. 14). But his section 1983 claim necessarily entails a review of the CSF decisions granting the applications for reimbursement from the CSF. *See* Compl. ¶¶ 17–18 (alleging that the CSF decisions are invalid and void and "violated his civil and constitutional rights"); *id*. ¶¶ 24, 27, 30; Opp'n at 3 ("[T]he Commission and its members … illegally ruled and disbursed funds, violating EZOR's Fifth Amendment rights."). His allegations make clear that his section 1983 claim for relief is "inextricably intertwined" with those decisions. *See Dubinka*, 23 F.3d at 222 ("[C]laims are inextricably intertwined when the district court must scrutinize both the challenged rule and the state court's application of that rule."). Ezor "asserts as a legal wrong an allegedly erroneous decision by [the] state" via the CSF Commission, and he seeks relief from those decisions. *See Noel*, 341 F.3d at 1164. I lack the jurisdiction to grant him the relief he seeks.[4]

### III. RES JUDICATA BARS THE COMPLAINT

In *Bates v. Jones*, Judge Fletcher posited that "in many cases" the difference between the *Rooker-Feldman* doctrine and traditional principles of res judicata is "a purely formal one." 131 F.3d 843, 862 (9th Cir. 1997)(Fletcher, J., concurring in part and dissenting in part). "It is difficult to articulate a general rule for identifying the circumstances under which the applicability of *Rooker-Feldman* and of res judicata are not essentially coextensive." *Id*. at 863. After "examining the highly unusual interplay between state and federal courts that obtained in the *Feldman* case itself[,]" she concluded that

> [T]he impetus behind the Court's decision in *Feldman* is its

---

[4] If he had presented a facial challenge to the constitutionality of the State Bar Rules, *unrelated to any particular application*, then—and only then—could a federal court exercise jurisdiction over his claim for violation of his civil rights. *See Feldman*, 460 U.S. at 487; *Noel*, 341 F.3d at 1157.

11

> identification of a class of cases in which res judicata will *always* constitute a defense to a party's attempt to bring a claim in federal district court, because the nature of the claim is such that it never arises except as the *result* of a judicial proceeding in a state court. As the *Feldman* Court explains, 28 U.S.C. § 1257 strips the federal district courts of jurisdiction over this unusual class of claims, depriving parties of the opportunity to bring their fruitless, always-already-barred claims in that forum.

*Id*. at 863–864. So even if the *Rooker-Feldman* doctrine does not divest the federal court of jurisdiction under the circumstances of this case, Ezor's claims are barred by "the traditional principles of res judicata." *Id*. at 862; *see also Noel v. Hall*, 341 F.3d 1148, 1163–64 (9th Cir. 2003)("[I]f the federal plaintiff and the adverse party have already litigated the state court suit to judgment, the federal plaintiff may be precluded from relitigating that dispute under the interjurisdictional preclusion rule of 28 U.S.C. § 1738.").

As this case involves unreviewed decisions of the CSF Commission, an administrative arm of the State Bar, 28 U.S.C. § 1738 does not apply. *University of Tennessee v. Elliot,* 478 U.S. 788, 794 (1986). But the Ninth Circuit has held "as a matter of federal common law" that "federal courts give preclusive effect to the findings of state administrative tribunals in subsequent actions under § 1983" if the state proceedings satisfy the fairness requirements outlined in *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966). *Miller v. Cty. of Santa Cruz*, 39 F.3d 1030, 1032–33 (9th Cir. 1994), *as amended* (Dec. 27, 1994). The *Utah Construction* fairness requirements dictate that the administrative agency act in a judicial capacity and resolve disputed issues of fact properly before it, and that the parties had an opportunity to litigate. 384 U.S. at 422; *see also Miller*, 39 F.3d at 1033. Once a federal court determines that a state's administrative decision should be given preclusive effect, it must apply the preclusion laws of the State to determine if the claims are barred.

### A. The CSF Decisions Should Be Given Preclusive Effect

The Final Decisions issued by the CSF Commission satisfy the fairness requirements necessary to give them preclusive effect. *See Utah Const.*, 384 U.S. at 422. The Commission clearly acts in a judicial capacity. It is authorized to conduct hearings in which it reviews evidence, administers oaths, and may compel by subpoena the attendance of witnesses and the production of books, paper, and documents. Cal. St. Bar Rules, Rule 3.441. It is also required to

12

exercise discretion in determining whether applicants are entitled to relief. Cal. St. Bar Rules, Rule 3.441. Further, it resolved disputed issues of fact when it conducted investigations into the Sertner and Culhane applications. And the parties had an opportunity to litigate the issues.

Ezor filed objections, raising some of the same issues asserted here, and the applicants had an opportunity to respond. He could have introduced his own evidence into the record to challenge the decisions. *See* Cal. St. Bar Rules, Rule 3.443(B). Under these circumstances, the CSF Final Decisions should be given preclusive effect. *See Utah Const.*, 384 U.S. at 422 ("When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose."); *Feldman*, 460 U.S. 462, 479 (1983)("[T]he proceedings before the District of Columbia Court of Appeals involved a 'judicial inquiry' in which the court was called upon to investigate, declare, and enforce 'liabilities as they [stood] on present or past facts and under laws supposed already to exist.'").

**B.      The CSF Decisions Preclude Ezor's Complaint**

In determining the effect of a state judgment, federal courts must apply the preclusion laws of the State in which the judgment was rendered. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). "In California, res judicata precludes a plaintiff from litigating a claim if: the claim relates to the same 'primary right' as a claim in a prior action, the prior judgment was final and on the merits, and the plaintiff was a party or in privity with a party in the prior action." *Trujillo v. Santa Clara Cty.*, 775 F.2d 1359, 1366 (9th Cir. 1985). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

The same primary right is at issue here as in the CSF proceedings because Ezor alleges that the Commission's decisions to reimburse Sertner and the Culhanes violated his right to due process. *See* Compl. ¶¶ 17–18. He specifically raised some of the same objections in the CSF proceedings. *See* Letter Objection of A. Edward Ezor dated July 18, 2017, *In the Matter of Client Security Fund Application of Robert M. Sertner, as Temporary Successor Trustee of the Bennett J.*

13

*Hymes Trust, dated October 5, 1962*, State Bar Client Security Fund Case No. 13-F-10839 (Grandt Decl. ¶ 5, *id.*, Ex. 2, Dkt. No. 10-3 at 6); Letter Objection of A. Edward Ezor dated July 18, 2017, *In the Matter of Client Security Fund Application of Brian M. Culhane and Kevin M. Culhane*, State Bar Client Security Fund Case No. 12-F-12469 (Grandt Decl. ¶ 8, *id.*, Ex. 5, Dkt. No. 10-3 at 23).[5] Under these circumstances, the same primary right is at stake. *See San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009)("If two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.")(quoting another source)(alterations omitted).

The CSF Final Decisions are final (as previously discussed) and are on the merits. "A judgment is on the merits for purposes of res judicata 'if the substance of the claim is tried and determined[.]'" *Johnson v. City of Loma Linda*, 24 Cal. 4th 61 (Cal. 2000). Ezor raised some of the same challenges in the CSF proceedings: the Commission considered his objections; and, it issued its decisions. Accordingly, Ezor's claims were "tried and determined" on the merits. *See id.*

Lastly, Ezor was a party to the CSF proceedings. *See* Final Decision dated August 17, 2017, *In the Matter of Client Security Fund Application of Robert M. Sertner, as Temporary Successor Trustee of the Bennett J. Hymes Trust, dated October 5, 1962*, State Bar Client Security Fund Case No. 13-F-10839 (naming Ezor as respondent); Final Decision dated August 17, 2017, *In the Matter of Client Security Fund Application of Brian M. Culhane and Kevin M. Culhane*, State Bar Client Security Fund Case No. 12-F-12469 (naming Ezor as respondent); Disbarment Order of the Supreme Court of California dated September 23, 2015, *In the Matter of A. Edward Ezor*, State Bar Court of California Case No. 12-O-10043.

---

[5] Ezor added additional allegations, such as the decisions contained no individuals' names showing proper quorum and deliberative process and the Commission members were unduly influenced, but "[w]hat is critical to the analysis 'is the harm suffered; that the same facts are involved in both suits is not conclusive[.]'" *San Diego Police Officers' Ass'n*, 568 F.3d at 734. The additional allegations, therefore, do not alter the conclusion that the same primary right is at issue.

Because Ezor chose not to properly exercise his right to appeal the CSF Final Decisions, they "became final and operate[] with preclusive effect." *See Misischia*, 60 F.3d at 628. His claims against the State Bar and the individual defendants are precluded by the CSF Final Decisions. *See id.*; *Miller*, 39 F.3d at 1038.

## IV. THE COMPLAINT FAILS ON OTHER GROUNDS

Even if I had jurisdiction to review his claims, and I found that they were not precluded by res judicata, they would fail on other grounds. First, I would not exercise supplemental jurisdiction over his third cause of action for petition of writ of mandate because it is a state procedural remedy best left to the jurisdiction of the State. *See* 28 U.S.C. § 1367(c)(outlining circumstances in which a district court may decline to exercise supplemental jurisdiction over state claims); *Mory v. City of Chula Vista*, 2011 WL 777914, at *2 (S.D. Cal. Mar. 1, 2011)("Because writs of mandate are exclusively state procedural remedies, they involve complex issues of state law. [citation] Thus, district courts routinely deny supplemental jurisdiction over California writ of mandate claims.").

Next, the Eleventh Amendment bars Ezor's claims for monetary damages against the State Bar and the individual defendants acting in their official capacity. *See Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995)(finding State Bar and employees acting in official capacity immune from liability for monetary damages in federal court under the Eleventh Amendment). And even if Ezor had alleged that the individuals acted in their individual capacities, they would be protected by quasi-judicial immunity. *See id.* ("The Bar Court judges and prosecutors have quasi-judicial immunity from monetary damages. Administrative law judges and agency prosecuting attorneys are entitled to quasi-judicial immunity so long as they perform functions similar to judges and prosecutors in a setting like that of a court."); *Dydzak v. California*, 2009 WL 499745, at *11 (C.D. Cal. Feb. 26, 2009)(finding that CSF Commission defendants entitled to quasi-judicial immunity); *Chandler v. State Bar of California*, No. C 08-00437 CRB, 2008 WL 901865, at *5 (N.D. Cal. Mar. 31, 2008)(finding executive director and state bar attorneys entitled to judicial immunity).

Lastly, Ezor fails to state a claim upon which relief can be granted. He includes bare

15

allegations of retaliation without explaining how the CSF proceedings deprived him of due process.

For the numerous reasons outlined, Defendants' motion is GRANTED. The jurisdictional issue and affirmative defenses suggest that Ezor's complaint should be dismissed with prejudice. Nonetheless, he asks leave to amend in accordance with the rule that leave should be liberally granted. Fed. R. Civ. P. 15(a)(2). I will grant him leave to file an amended complaint WITHIN 14 DAYS. The amended complaint should redline the changes so I can clearly and quickly ascertain whether his additional allegations have overcome the numerous barriers that I have outlined in this Order. Once Ezor files an amended complaint, I will determine if additional briefing is necessary, or in the alternative, will order its dismissal with prejudice *sua sponte*. Defendants need not respond unless ordered to do so.

## CONCLUSION

In accordance with the foregoing, Ezor's complaint is DISMISSED WITH LEAVE TO AMEND WITHIN 14 DAYS.

**IT IS SO ORDERED.**

Dated: January 19, 2018

William H. Orrick
United States District Judge