UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. EDWARD EZOR,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>　　　　　　Defendants. | Case No. 3:17-cv-05338-WHO<br><br>**ORDER DISMISSING COMPLAINT**<br><br>Re: Dkt. No. 37 |

On January 19, 2018, I granted defendants' motion to dismiss disbarred attorney A. Edward Ezor's pro se complaint that the State Bar of California, several of its officers and employees and the former Executive Director violated his right to due process concerning two proceedings before the State Bar's Client Security Fund (CSF) Commission. Order Granting Mot. to Dismiss ("Prior Order")(Dkt. No. 27). I indicated "numerous reasons to dismiss his complaint without leave to amend," specifically noting that:

> Under the *Rooker-Feldman* doctrine, I lack jurisdiction over his complaint, which is inextricably intertwined with the State Bar proceedings. Ezor's failure to file a petition for a writ of mandamus within the proper time frame and jurisdiction amounts to a waiver of his ability to challenge those decisions by the State Bar, an administrative arm to the judicial branch of California. Further, because those administrative decisions are given preclusive effect under California law, his suit is barred by the doctrine of res judicata. His claims for damages against each of the defendants are also barred by the Eleventh Amendment and quasi-judicial immunity. Even ignoring the lack of jurisdiction and the unquestionable merit to the defendants' affirmative defenses, he fails to state a claim upon which relief can be granted.

*Id*. at 1–2. I proceeded to analyze each of these issues. *Id*. at 9−16. I nonetheless granted Mr. Ezor's request for leave to amend, given the liberal policy on amendment. *Id*. at 2.

On February 12, 2018, Mr. Ezor filed an amended complaint. First Am. Compl.

("FAC")(Dkt. Nos. 36, 37[redlined version]). Mr. Ezor has added allegations purporting to establish a basis for suing the State Bar, its employees and officers. FAC ¶¶ 27–30. But drawing all reasonable inferences in Mr. Ezor's favor as I must at this stage, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), I conclude that he has not established a basis for my jurisdiction over his claims for declaratory relief, petition for writ of mandamus, and violation of 42 U.S.C. § 1983. As I indicated in the Prior Order,

> Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over a plaintiff's constitutional claims if they are inextricably intertwined with a final state court decision. *Feldman*, 460 U.S. at 482 n.16 ("If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do."); *see also Dubinka v. Judges of Superior Court of State of Cal. for Cty. of Los Angeles*, 23 F.3d 218, 221 (9th Cir. 1994)("This rules [*Rooker-Feldman*] applies even when the state court judgment is not made by the highest state court [citation omitted] and when the challenge to the state court's actions involves federal constitutional issues."); *Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003)(explaining *Rooker-Feldman* doctrine and providing background of each case). The doctrine embodies principles of federalism and comity, protects finality of state court decisions, and prevents impermissible appeals of those decisions. *Dubinka*, 23 F.3d at 221.

Prior Order at 10–11.

Mr. Ezor has also added a claim for violation of the Wiretap Act, 18 U.S.C. § 2511, alleging that defendants State Bar, Elizabeth Parker (former Executive Director of the State Bar) and Eli Morgenstern (State Bar senior trial counsel assigned to Ezor's disciplinary proceedings) illegally intercepted his communications with associates, acquaintances, and friends. FAC ¶¶ 38–41. But he neglects to include any "information" purportedly supporting his "belief." *See* FAC ¶ 39. He has failed to allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This claim is dismissed under Federal Rule of Civil Procedure 12(b)(6).

Mr. Ezor has had two opportunities to state a plausible claim against the defendants, and there is nothing in the amended complaint that evidences that he can do so. Because it appears that "the pleading could not possibly be cured by the allegation of other facts[,]" *Lopez v. Smith*,

203 F.3d 1122, 1127 (9th Cir. 2000), the FAC is DISMISSED WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: March 21, 2018

William H. Orrick
United States District Judge